# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOGAWORKS, INC., <u>et al.</u>, | Case No. |
| Debtors.[1] | (Joint Administration Requested) |
| | D.I. No. _____ |

**ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY NUNC PRO TUNC TO THE PETITION DATE AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH; AND (II) ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "<u>Motion</u>")[2] of YogaWorks, Inc. and Yoga Works, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), for entry of an order (i) authorizing the Debtors to (a) reject the Burdensome Leases, each effective *nunc pro tunc* to the Petition Date, and (b) abandon any Remaining Property, (ii) granting related relief, and (iii) establishing procedures for the rejection of executory contracts and unexpired leases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) (b) and 1334(b), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number is (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

5

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Burdensome Leases identified on Schedule 1 attached hereto are hereby rejected *nunc pro tunc* to the Petition Date.

3. The Debtors do not waive any claims that they may have against any counterparty to the Burdensome Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Burdensome Leases.

4. The Debtors are authorized to abandon any personal property located at the premises subject to the Burdensome Leases free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

5. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Burdensome Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Burdensome Leases is limited to the remedies available under any applicable termination provision of such Burdensome Lease; or that any such claim is an

obligation of a third party and not that of the Debtors or their estates.

      6.      The following Rejection Procedures are hereby APPROVED:

        a.      <u>Rejection Notice</u>. The Debtors will file a notice (the "<u>Rejection Notice</u>") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "<u>Counterparty</u>") (and counsel, if known) under the respective Contract of Lease at the last known address available to the Debtors; (ii) with respect to Real Property Leases ("<u>Real Property Leases</u>"), any known third party having an interest in personal property located at the leased premises ("<u>Leased Premises</u>"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) counsel to Serene, Randy Michelson, Esq., Michelson Law Group, 220 Montgomery Street, Suite 2100, San Francisco, CA 94104; (v) counsel to Great Hill Partners, Kelly Dybala, Esq., Sidley Austin, 2021 McKinney Ave., Suite 2000, Dallas, TX 75201, and Matthew A. Clemente, Esq., Sidley Austin, One South Dearborn Street, Chicago, IL 60603; (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin Hackman, Benjamin.A.Hackman@usdoj.gov), and (vi) counsel to any committee appointed in these Cases (collectively, the "<u>Rejection Notice Parties</u>").

        b.      <u>Content of Rejection Notice</u>. The Rejection Notice shall be substantially in the form attached as <u>Exhibit B</u>. With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (the "<u>Landlord</u>"); (iii) the date on which the Debtors will vacate (or have vacated) the Leased Premises; and (iv) a brief description of any personal property or furniture, fixtures and equipment to be abandoned. With respect to all other Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract or Lease to be rejected. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "<u>Rejection Order</u>").

        c.      <u>Objections</u>. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "<u>Objection</u>") so that it is filed with this Court and actually received by the following parties (the "<u>Objection Notice Parties</u>") no later than fourteen (14) days after the date the Rejection Notice is filed: (i) proposed counsel to the Debtors: (a) Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas J. Francella, Jr., Esq. ([TFrancella@cozen.com](mailto:TFrancella@cozen.com)) and (b) Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA

92618, Attn: Alan J. Friedman, Esq. (afriedman@shulmanbastian.com) and Melissa Davis Lowe, Esq.  (mlowe@shulmanbastian.com); (ii) Whiteford Taylor & Preston LLP, 500 N. King Street, Suite 500, Wilmington, Delaware 19801 Attn:  Richard W. Riley, rriley@wtplaw.com;  (iii) counsel to Serene, Randy Michelson, Esq., Michelson Law Group, 220 Montgomery Street, Suite 2100, San Francisco, CA 94104; (iv) counsel to Great Hill Partners, Kelly Dybala, Esq., Sidley Austin, 2021 McKinney Ave., Suite 2000, Dallas, TX 75201 (kdybala@sidley.com), and Matthew A. Clemente, Esq., Sidley Austin, One South Dearborn Street, Chicago, IL 60603 (mclemente@sidley.com); (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware  19801  (Attn: Benjamin Hackman, Benjamin.A.Hackman@usdoj.gov); and (vi) counsel to any committee appointed in these Cases.

      d.      <u>Effects of Failing to File an Objection to a Rejection Notice</u>. If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "<u>Rejection Date</u>"); provided, however, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date the Debtors file and serve a Rejection Notice for the Real Property Lease or (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises.

      e.      <u>Remaining Property</u>. Upon the Rejection Date, any personal property or furniture, fixtures and equipment (the "<u>Remaining Property</u>") remaining on the Leased Premises shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and any third party and without waiver of any claim the Landlords may have against the Debtors.

      f.      <u>Effects of Filing an Objection to a Rejection Notice</u>. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If this Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such Objection.

      g.      <u>Consent Orders</u>. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party. If no Objection is filed, the Debtors may submit a form of order with the Court under certification of counsel substantially in the form attached to the Rejection Notice.

    h.  <u>Deadlines for Filing Claims</u>. Any Rejection Order will be served on the appropriate Counterparties no later than five (5) days after entry of such order. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Cases or (ii) thirty-five (35) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Cases.

    i.  <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

7.  The form of Rejection Notice attached hereto as <u>Exhibit B</u> is hereby APPROVED.

8.  The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

9.  Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to assume or reject executory contracts or unexpired leases.

10.  The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

11.  The Debtors do not waive any claims they may have against Landlords and Counterparties, regardless of whether such claims relate to the Contracts and Leases.

12.  Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

13.  Nothing in the Motion or this Order shall be deemed or construed as an approval

of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

15. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. Any proofs of claim for damages in connection with the rejection of the Burdensome Leases, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these chapter 11 cases, if any, or (b) thirty-five (35) days after entry of this Order.

18. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.