## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOGAWORKS, INC., *et al.,* | Case No. 20-12599-KBO |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES, RESERVATION OF RIGHTS, AND
STATEMENT OF LIMITATIONS, METHODOGY AND
DISCLAIMER REGARDING DEBTORS' SCHEDULES AND SOFAs**

The above-captioned debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), have filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and SOFAs in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

Brian Cooper has signed the Schedules and SOFAs as the Debtors' Chief Executive Officer in these Chapter 11 Cases. In reviewing and signing the Schedules and SOFAs, Mr. Cooper has necessarily relied upon the efforts, statements, and representations of various third parties involved in the Debtors' operations. Mr. Cooper has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

The Debtors are contemporaneously filing these *Global Notes, Reservation of Rights, and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules and SOFAs* (the "Global Notes") as a supplement to and integral part of their Schedules and SOFAs. These are incorporated by reference into each of the Schedules and SOFAs, and they should be reviewed in connection with any review of the Schedules and SOFAs.

The Debtors' Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtors. The Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFAs reflect the Debtors' reasonably best efforts to report the assets and liabilities of the Debtors in accordance with their books and records. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent at the Petition

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

Date (as defined herein) or at any time prior to the Petition Date. Likewise, to the extent that the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent at the Petition Date or any time prior to the Petition Date.

In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and SOFAs. As a result, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and SOFAs as is necessary or appropriate.

Nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases, including, without limitation, any issues involving equitable subordination, defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Reservation of Rights**

In particular, the Debtors note that the listing of a claim or a contract with the Debtors does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to disclaim or dispute such claim or contract as attributable to the Debtors. The Debtors reserve the right to remove any contract or claim from the Schedules and SOFAs whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, the Debtors reserve the right to object to any listed claim on the grounds that, among other things, such claim has already been satisfied. The Debtors reserve the right to dispute or assert offsets or defenses to any claim reflected on the Schedules as to amount, liability or classification and reserves the right to recharacterize, reclassify, recategorize, or redesignate any claim as "disputed," "contingent" and/or "unliquidated, whether by amending the Schedules and SOFAs or in another appropriate filing.

Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E/F part 1 as "unsecured priority" or (iii) on Schedule E/F part 2 as "unsecured nonpriority," does not constitute a waiver of any of the Debtors' rights to recharacterize, reclassify, recategorize, or redesignate such claim. Further, listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease, and is not a waiver of the Debtors' right to recharacterize, reclassify or dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and SOFAs, including causes of actions arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors may also possess contingent and unliquidated claims against affiliated entities for various financial accommodations and similar benefits they have extended from time to time,

including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things: (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, and (v) indemnities.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules nor the SOFAs shall be deemed a waiver of any Causes of Action or in any way prejudice or impair the assertion of any such Causes of Action.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

**Totals**

All totals that are included in the Schedules and SOFAs represent totals of all known and estimated amounts included in the Schedules and SOFAs.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different than the listed total.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.  Due to unliquidated, contingent and/or disputed claims, summary statistics in the Schedules, SOFAs and Global Notes may significantly understate the Debtors' liabilities.

**Recharacterization**

Notwithstanding that the Debtors have made reasonable best efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs, the Debtors nonetheless may have improperly characterized, classified, categorized or designated certain items.  Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and SOFAs at a later time as is necessary or appropriate.

**The Debtors' General Ledger**

The Debtors maintain a combined General Ledger which reflects all of their known transactions, assets, and liabiltiies.  In consultation with management, and for purposes of presenting separate Schedules and SOFAs for each Debtor, YogaWorks, Inc. (the Delaware entity) is presented as having all but one of the Debtors' bank accounts, which was specifically identified as being owed by Yoga Works, Inc. (the California entity).  YogaWorks, Inc. (the Delaware entity) is also identified as holding the D&O Insurance Policy and full ownership of Yoga Works, Inc. (the California entity), and also as having entered into the lease for the former Palo Alto location.  All remaining transactions, assets, and liabilities were identified with Yoga Works, Inc. (the

California entity), which therefore includes all customer, employee, and other operational relationships.

Because the Debtors maintain a combined General Ledger, there are no specific intercompany transactions identified therein. However since the majority of the operating activities on the one hand (including all customer, employee, and other operational relationships) and the majority of the cash on the other hand have been identified with different Debtors, the consequential intercompany balances owed between the Debtors have been reflected in the Schedules as being of "Unknown" value.

**Liabilities**

The Debtors have allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend or supplement the Schedules and SOFAs as is necessary or appropriate.

The liabilities listed on these Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

**Exclusions**

The Debtors have excluded certain categories of assets and liabilities from the Schedules and SOFAs such as certain accrued liabilities including, but not limited to, accrued but unbilled accounts payable. Other non-material assets and liabilities may have also been excluded.

**Currency**

Unless otherwise indicated, all amounts listed are in U.S. dollars. All non-U.S. currencies for foreign subsidiaries have been converted to U.S. dollars.

**Fair Market Value; Book Value**

It would be prohibitively expensive, unduly burdensome, and an inefficient use of the Debtors' resources for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Schedules and SOFAs reflect net book values for assets as of the Petition Date as reflected in the Debtors' books and records. Amounts ultimately realized may vary from net book value, and such variance may be material. Except as may be otherwise stated herein, the asset amounts listed do not include material write-downs that may be necessary. Operating cash is presented as book balances as of the Petition Date to allow for the court-approved payment of certain checks outstanding at that time. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed as undetermined amounts as of

the Petition Date because the book values may materially differ from fair market values, and the fair market values are difficult to determine.

**Property and Equipment**

Property and Equipment has been listed based on estimated book values as of the Petition Date.

**Receivables**

All receivables are estimates and subject to change and risk of collection. Accounts receivable do not include intercompany receivables. Intercompany receivables are listed in the "All Other Assets" section of Schedule A/B.

**Leases**

Nothing in the Schedules or SOFA (including, without limitation the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all of their rights with respect to such issues.

The Debtors lease equipment and facilities under various operating lease agreements. These agreements are carried by the Debtors at a zero-book value. These equipment and facilities leases are reported on the Schedule G. To the extent that there was an amount outstanding under any of these agreements as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F part 2 of each Debtor.

**Estimates**

To prepare and file the Schedules in accordance with the deadline established in these Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities as of the Petition Date. The Debtors reserve the right to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**Fiscal Year**

The Debtors' fiscal years end on December 31.

**Claims of Third-Party Related Entities**

Although the Debtors have made reasonable efforts to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified claims of a creditor as disputed, unliquidated, and/or contingent, all claims of such creditor's affiliates listed in the

Schedules shall similarly be considered as disputed, unliquidated, and/or contingent, whether or not they are designated as such.

**Effect of Payments Made Pursuant to "First Day" Orders on Scheduled Claim Amount**

The Bankruptcy Court has authorized the Debtors to pay certain Pre-Petition Date claims, as set forth in the "first day" orders entered in these cases. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, unadjusted for any payments made after the Petition Date pursuant to the authority granted to the Debtors by the Bankruptcy Court. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code, or orders of the Bankruptcy Court.

**Setoffs**

The Debtors occasionally incur setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various routine transactions, including counterparty settlements, pricing discrepancies, and other disputes between the Debtors and third parties. Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtors' industry. In such instances, such ordinary course setoffs are excluded from the Debtors' responses to SOFA statement 13. The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

**Intellectual Property Rights**

The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Global Notes Control**

All of the Debtors' Schedules and SOFAs are subject to and qualified by the Global Notes. In the event that the Schedules and SOFAs differ from the Global Notes, ***the Global Notes shall control***.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedule A/ B, Part 2 – Deposits and Prepayments**

The Debtors' characterization of an asset listed in these schedules is not a legal characterization of either a deposit or a prepayment. The Debtors reserve all of their rights to re-categorize and/or recharacterize such assets at a later time as appropriate.

**Schedule A/B - Personal Property**

Assets recorded as negative net payables or other prepayments are representative of credits owed from customers or third parties. Security deposits held by real property lessors, utility companies, and various other third parties have also been included on this schedule.

Other than real property leases reported in Schedule A/B, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and SOFAs, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G, subject to these Global Notes.

**Schedule D - Creditors Holding Secured Claims**

Real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.

**Schedule E / F - Creditors Holding Unsecured Priority and/or Unsecured Non-Priority Claims**

The unsecured non-priority claims of individual creditors for among other things, products, goods or services are listed as either the lower of the amounts invoiced by the creditor or the estimated amounts reflected on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be subject to dispute. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list respective dates for the claims listed on Schedule F.

**Schedule G - Unexpired Leases and Executory Contracts**

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda or other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents. Due to the volume of the Debtors' portfolio of contracts and leases, all documents entitled "lease" or "contract" have been included on Schedule G. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not separately set forth on Schedule G or Schedule B.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized, and/or may be subject to dispute. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Executory contracts that are oral in nature, if any, have not been included on Schedule G.

Any contracts listed in Schedule G between any of the Debtors and one or more affiliates and/or insiders may not have been negotiated at arm's-length, and may not be enforceable. The Debtors reserve all rights with respect to any such contracts that may be listed in Schedule G, including without limitation the right to take the position that such contracts are not enforceable.

To the extent that the Court determines that any additional contracts are executory, the Debtors will amend Schedule G to add that contract.

**Schedule H – Codebtors**

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because the Debtors have treated (or will treat, in the event that such claims have not yet been asserted) all such claims as contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F, and SOFA statement 7, as applicable.

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SOFAs</u>

**SOFAs Item 3 – 90 Day Payments**

The dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date.

Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to statement question 4), and employees.

**SOFAs Item 4 – Insider Payments**

Except as may be otherwise indicated in the Schedules and SOFAs, the Debtors have included payments made during the one-year period preceding the Petition Date to persons deemed "insiders," as that term is defined in section 101(31) of the Bankruptcy Code.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individuals, (c) the decision-making or corporate authority of such person, or (d) whether such person could successfully argue that he or she is not an "insider" under applicable law.

With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. Amounts paid on behalf of such employee for certain insurance coverage, which coverage is provided to all of the Debtors' employees, has not been included.

**SOFAs Item 7 – Litigation**

Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

**SOFAs Item 10 – Losses from Fire, Theft or Other Casualty**

The Debtors may have occasionally incurred losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent that such losses have not had and/or do not have a material impact on the Debtors' business or are not reported for insurance purposes.

**SOFAs Item 11 – Payments Related to Bankruptcy**

Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in statement 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

The Debtors' professionals have performed, and continue to perform, services for both Debtors. The fact that payments to professionals listed in Item 11, as well as elsewhere, were made by a particular Debtor should not be interpreted to mean that such professional provided services only for such Debtor. On the contrary, the professionals provided services for both Debtors without regard to the identity of the particular Debtor making any particular payment to such professional.

**SOFAs Item 26 – Books Records and Financial Statements**

From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, debtholders and their legal and financial advisors. Additionally, certain financial statements may have been provided to other parties as requested.

**General Disclaimer**

The Debtors have prepared the Schedules and SOFAs based on the information contained in the Debtors' books and records. However, as the Debtors' books and records have not been audited, the Debtors cannot warrant the accuracy of these documents. The Debtors have made a diligent effort to complete these documents accurately and completely. To the extent that additional information becomes available, the Debtors will amend and supplement the Schedules and/or SOFAs.

**Fill in this information to identify the case:**

Debtor name ___ YogaWorks, Inc., a Delaware C-Corporation _____

United States Bankruptcy Court for the: _____ District of ___Delaware___
                                                                                        (State)
Case number (If known): _____20-12599_____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

---

**Part 1:    Summary of Assets**

---

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B*.................................................................

       $ _____0.00__
       Plus Unknown

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B*.............................................................

       $ _____267,601.66__
       Plus Unknown

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B*...............................................................

       $ _____267,601.66__
       Plus Unknown

---

**Part 2:    Summary of Liabilities**

---

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.............................

   $ __10,000,000.00__
   Plus Unknown

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................................

       $ _____0.00__
       Plus Unknown

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.....................................

       + $ _____101,787.05__
       Plus Unknown

4. **Total liabilities**...........................................................................................................................
   Lines 2 + 3a + 3b

   $ __10,101,787.05__
   Plus Unknown

**Fill in this information to identify the case:**

Debtor name ___YogaWorks, Inc., a Delaware C-Corporation___

United States Bankruptcy Court for the:_____ District of ___Delaware___
(State)

Case number (If known): ___20-12599___

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. __See attached__ | | ___ ___ ___ ___ | $    148,108.48 |
| 3.2. _____ | | | $_____ |

4. **Other cash equivalents** *(Identify all)*

| 4.1. _____ | $_____ |
| 4.2. _____ | $_____ |

5. **Total of Part 1**    $    148,108.48

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| 7.1. Landlord deposit re: Palo Alto | $    12,777.00 |
| 7.2. _____ | $_____ |

| Debtor | YogaWorks, Inc., a Delaware C-Corporation | Case number *(if known)* 20-12599 |
|---|---|---|
| | Name | |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. Prepaid - D&O Insurance $ 106,716.18

8.2. _____ $ _____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.     $ 119,493.18

## Part 3:     Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

11a. 90 days old or less: _____ – _____ = ........→     $ _____

face amount          doubtful or uncollectible accounts

11b. Over 90 days old: _____ – _____ = ........→     $ _____

face amount          doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $ 0.00

## Part 4:     Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1. None | _____ | $ 0.00 |
| 14.2. _____ | _____ | $ _____ |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:     % of ownership:

| | | | |
|---|---|---|---|
| 15.1. Yoga Works, Inc., a California C-Corp. | 100 % | _____ | $ 0.00 |
| 15.2. _____ | ___% | _____ | $ _____ |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | |
|---|---|---|
| 16.1. None | _____ | $ 0.00 |
| 16.2. _____ | _____ | $ _____ |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.     $ 0.00

| Debtor | YogaWorks, Inc., a Delaware C-Corporation | Case number (if known) 20-12599 |
|---|---|---|
| | Name | |

## Part 5:  Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____ 0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____ Valuation method_____ Current value_____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

Debtor   YogaWorks, Inc., a Delaware C-Corporation
_____
         Name

Case number *(if known)*  20-12599
_____

**33. Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____ 0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | $_____ | _____ | $_____ |
| **40. Office fixtures** | $_____ | _____ | $_____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

**43. Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____ 0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | YogaWorks, Inc., a Delaware C-Corporation | Case number (if known) | 20-12599 |
|---|---|---|---|
| | Name | | |

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor   YogaWorks, Inc., a Delaware C-Corporation
_____
        Name

Case number *(if known)* 20-12599
_____

---

## Part 9:   Real property

**54.   Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55.   Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Studio: 440-444 Kipling St., Palo Alto, CA | Leased | $_____0.00 | _____ | $_____Unknown |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

**56.   Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____Unknown

**57.   Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

## Part 10:   Intangibles and intellectual property

**59.   Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.   Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| **61.   Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| **62.   Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| **63.   Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| **64.   Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| **65.   Goodwill**<br>_____ | $_____ | _____ | $_____ |

**66.   Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____0.00

---

| Debtor | YogaWorks, Inc., a Delaware C-Corporation | Case number (if known) | 20-12599 |
| | Name | | |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | **Current value of debtor's interest** |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____    _____ − _____ = → $_____
                          Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

Various state and federal NOLs _____

Tax year ___Multiple___    $_____Unknown
Tax year _____    $_____
Tax year _____    $_____

73. **Interests in insurance policies or annuities**

_____    $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____    $_____

**Nature of claim**    _____

**Amount requested**    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

Unliq. Interco. receivables due from Yoga Works, Inc. (CA)    $_____Unknown

**Nature of claim**    Ordinary course receivables

**Amount requested**    $_____

76. **Trusts, equitable or future interests in property**

_____    $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____    $_____
_____    $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $_____Unknown

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Debtor | YogaWorks, Inc., a Delaware C-Corporation | Case number (if known) 20-12599 |
|---|---|---|
| | Name | |

---

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 148,108.48 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 119,493.18 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................. ➔ | | $ Unknown |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ Unknown | |
| 91. **Total.** Add lines 80 through 90 for each column. ....................91a. | $ $267,601.66 | + 91b. $ Unknown |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ...................................................  $ $267,601.66

**Case Name: YogaWorks, Inc., a Delaware C-Corporation**                    Case Number: 20-12599

**Part 1:** **Schedule A/B:  Assets - Real and Personal Property**
Cash and cash equivalents

3. Checking, savings, money market, or financial brokerage accounts

| | Name of Institution (bank or brokerage firm) | Type of Account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1 | WellsFargo | Main Depository Checking Acct/MMA | 3729 | $39,145.42 |
| 3.2 | WellsFargo | ZBA Checking Acct - LA/Payable | 3745 | $0.00 |
| 3.3 | WellsFargo | ZBA Checking Acct - OC/Payroll | 3737 | $0.00 |
| 3.4 | WellsFargo | ZBA Checking Acct - Field depository | 2956 | $0.00 |
| 3.5 | WellsFargo | Checking Account | 3794 | $108,963.06 |
| 3.6 | WellsFargo | ZBA Checking Acct - Disbursement - NorCal | 3752 | $0.00 |
| 3.7 | WellsFargo | ZBA Checking Acct - Disbursement - NYC | 3760 | $0.00 |
| 3.8 | WellsFargo | ZBA Checkng Acct - Disbursement - YogaTree | 3778 | $0.00 |
| 3.9 | WellsFargo | ZBA Checking Acct - Baltimore/DC (Field depository) | 3212 | $0.00 |
| 3.10 | WellsFargo | ZBA Checking Acct - Field Depository | 3202 | $0.00 |
| 3.11 | WellsFargo | ZBA Checking Acct - Field Depository | 3210 | $0.00 |
| 3.12 | WellsFargo | ZBA Checking Acct - Field Depository | 3228 | $0.00 |
| 3.13 | WellsFargo | ZBA Checking Acct - Field Depository | 3236 | $0.00 |
| 3.14 | WellsFargo | ZBA Checking Acct - Field Depository | 3384 | $0.00 |
| 3.15 | WellsFargo | ZBA Checking Acct - Field Depository | 8236 | $0.00 |
| 3.16 | WellsFargo | ZBA Checking Acct - Field Depository | 8244 | $0.00 |
| 3.17 | WellsFargo | ZBA Checking Acct - Field Depository | 8251 | $0.00 |
| 3.18 | WellsFargo | ZBA Checking Acct - Field Depository | 8269 | $0.00 |
| 3.19 | WellsFargo | ZBA Checking Acct - Field Depository | 3319 | $0.00 |
| 3.20 | WellsFargo | ZBA Checking Acct - Field Depository | 3327 | $0.00 |
| 3.21 | WellsFargo | ZBA Checking Acct - Field Depository | 3335 | $0.00 |
| 3.22 | WellsFargo | ZBA Checking Acct - Field Depository | 3343 | $0.00 |
| 3.23 | WellsFargo | ZBA Checking Acct - Field Depository | 3350 | $0.00 |
| 3.24 | WellsFargo | ZBA Checking Acct - Field Depository | 3368 | $0.00 |
| 3.25 | WellsFargo | ZBA Checking Acct - Field Depository | 3376 | $0.00 |
| 3.26 | WellsFargo | ZBA Checking Acct - Field Depository | 8285 | $0.00 |
| 3.27 | WellsFargo | ZBA Checking Acct - Field Depository | 8293 | $0.00 |
| 3.28 | WellsFargo | ZBA Checking Acct - Field Depository | 8301 | $0.00 |
| 3.29 | WellsFargo | ZBA Checking Acct - Field Depository | 3624 | $0.00 |
| 3.30 | WellsFargo | ZBA Checking Acct - Field Depository | 3632 | $0.00 |
| 3.31 | WellsFargo | ZBA Checking Acct - Field Depository | 3640 | $0.00 |
| 3.32 | WellsFargo | ZBA Checking Acct - Field Depository | 3657 | $0.00 |
| 3.33 | WellsFargo | ZBA Checking Acct - Field Depository | 3160 | $0.00 |
| 3.34 | WellsFargo | ZBA Checking Acct - Field Depository | 3244 | $0.00 |
| 3.35 | WellsFargo | ZBA Checking Acct - Field Depository | 3053 | $0.00 |
| 3.36 | WellsFargo | ZBA Checking Acct - Field Depository | 8277 | $0.00 |
| 3.37 | WellsFargo | ZBA Checking Acct - Field Depository | 3269 | $0.00 |
| 3.38 | WellsFargo | ZBA Checking Acct - Field Depository | 3673 | $0.00 |
| 3.39 | WellsFargo | ZBA Checking Acct - Field Depository | 3061 | $0.00 |
| 3.40 | WellsFargo | ZBA Checking Acct - Field Depository | 3111 | $0.00 |
| 3.41 | WellsFargo | ZBA Checking Acct - Field Depository | 3301 | $0.00 |
| 3.42 | WellsFargo | ZBA Checking Acct - Field Depository | 3178 | $0.00 |
| 3.43 | WellsFargo | ZBA Checking Acct - Field Depository | 3277 | $0.00 |
| 3.44 | WellsFargo | ZBA Checking Acct - Field Depository | 3079 | $0.00 |
| 3.45 | WellsFargo | ZBA Checking Acct - Field Depository | 3285 | $0.00 |
| 3.46 | WellsFargo | ZBA Checking Acct - Field Depository | 3681 | $0.00 |
| 3.47 | WellsFargo | ZBA Checking Acct - Field Depository | 3699 | $0.00 |
| 3.48 | WellsFargo | ZBA Checking Acct - Field Depository | 3186 | $0.00 |
| 3.49 | WellsFargo | ZBA Checking Acct - Field Depository | 3707 | $0.00 |

| | | | | |
|---|---|---|---|---|
| **3.50** | WellsFargo | ZBA Checking Acct - Field Depository | 3129 | $0.00 |
| **3.51** | WellsFargo | ZBA Checking Acct - Field Depository | 3715 | $0.00 |
| **3.52** | WellsFargo | ZBA Checking Acct - Field Depository | 8319 | $0.00 |
| **3.53** | WellsFargo | ZBA Checking Acct - Field Depository | 3194 | $0.00 |
| **3.54** | WellsFargo | ZBA Checking Acct - Field Depository | 8327 | $0.00 |
| **3.55** | WellsFargo | ZBA Checking Acct - Field Depository | 3137 | $0.00 |
| **3.56** | WellsFargo | ZBA Checking Acct - Field Depository | 3723 | $0.00 |
| **3.57** | WellsFargo | ZBA Checking Acct - Field Depository | 3731 | $0.00 |
| **3.58** | WellsFargo | ZBA Checking Acct - Field Depository | 3145 | $0.00 |
| **3.59** | WellsFargo | ZBA Checking Acct - Field Depository | 2964 | $0.00 |
| **3.60** | WellsFargo | ZBA Checking Acct - Field Depository | 3087 | $0.00 |
| **3.61** | WellsFargo | ZBA Checking Acct - Field Depository | 2972 | $0.00 |
| **3.62** | WellsFargo | ZBA Checking Acct - Field Depository | 2980 | $0.00 |
| **3.63** | WellsFargo | ZBA Checking Acct - Field Depository | 2998 | $0.00 |
| **3.64** | WellsFargo | ZBA Checking Acct - Field Depository | 3004 | $0.00 |
| **3.65** | WellsFargo | ZBA Checking Acct - Field Depository | 3152 | $0.00 |
| **3.66** | WellsFargo | ZBA Checking Acct - Field Depository | 3095 | $0.00 |
| **3.67** | WellsFargo | ZBA Checking Acct - Field Depository | 3012 | $0.00 |
| **3.68** | WellsFargo | ZBA Checking Acct - Field Depository | 3020 | $0.00 |
| **3.69** | WellsFargo | ZBA Checking Acct - Field Depository | 3103 | $0.00 |
| **3.70** | WellsFargo | ZBA Checking Acct - Field Depository | 3038 | $0.00 |
| **3.71** | WellsFargo | ZBA Checking Acct - Field Depository | 3046 | $0.00 |

**TOTAL**     $148,108.48

**Fill in this information to identify the case:**

Debtor name: **YogaWorks, Inc., a Delaware C-Corporation**

United States Bankruptcy Court for the: District of **Delaware**

(State)

Case number (If known): **20-12599**

Official Form 206D

☐ Check if this is an amended filing

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.**

If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct<br>the value | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

| 2.1 | **Creditor's name** | Describe debtor's property that is subject to a lien | $10,000,000.00 | Unknown |
|---|---|---|---|---|
| s86 | SERENE INVESTMENT MANAGEMENT, LLC | First Priority Lien on all assets | | |

**Creditor's Mailing Address**

**25 TAYLOR ST.**
**SAN FRANCISCO, CA  92102**

**Creditor's email address, if known**

**Date debt was incurred**
1/23/20

**Last 4 digts of account number**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

☑ No. Specify each creditor, including this creditor and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**
Loan

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No.
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☑ Unliquidated
☐ Disputed

Debtor    **YogaWorks, Inc., a Delaware C-Corporation**                                    20-12599

_____          _____
Name                                                          Case Number (if known)

### Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|

Debtor      **YogaWorks, Inc., a Delaware C-Corporation**                          **20-12599**

            Name                                                                   Case Number (if known)

**Part 3:**      **Total Amounts of the Claims Secured by Property**

|  | **Total of Claim Amounts** |
|---|---|
| **3a. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**      **3a.** | **$10,000,000.00** |

Debtor    **YogaWorks, Inc., a Delaware C-Corporation**                                    20-12599

Name                                                                    Case Number (if known)

---

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|

Debtor    **YogaWorks, Inc., a Delaware C-Corporation**                                    **20-12599**

      Name                                                                                    Case Number (if known)

| **Part 3:** | **Total Amounts of the Claims Secured by Property** |
|---|---|

| | **Total of Claim Amounts** |
|---|---|

**3a. Total of the dollar amounts from Part 1, Column A,
including the amounts from the Additional Page, if any.**    **3a.**    $10,000,000.00

**Fill in this information to identify the case:**

Debtor name **YogaWorks, Inc., a Delaware C-Corporation**

United States Bankruptcy Court for the:                          District of **Delaware**

(State)

Case number (If known): **20-12599**

## Official Form 206E/F

☐ Check if this is an amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **All Creditors with PRIORITY Unsecured Claims** |
|---|---|

**1. Do any creditors have priority unsecured claims?**

☑ No. Go to Part 2
☐ Yes

**Total Claim**          **Priority Amount**

**2.**  **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digts of account number**

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)**

**Is the claim subject to offset?**

☐ No
☐ Yes

**YogaWorks, Inc., a Delaware C-Corporation**

Debtor Name

**20-12599**

Case Number (if known)

| Part 2: | All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

Amount of Claim

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $101,787.05 |
|---|---|---|---|

s1009    440-444 KIPLING ALHOUSE DEATON
JEFF DEATON
ELIZABETH BROPHY KULEMIN TRUST
BROPHY KULEMIN TRUST ONE, GERTRUDE HALEY TRUST
2600 EL CAMINO, SUITE 200
PALO ALTO, CA  94306

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Last 4 digts of account number

Basis for the claim:    LEASE
DEBT INCURRED: APRIL 1, 2020 - OCTOBER 14, 2020

Is the claim subject to offset?
☑ No
☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | Unknown |
|---|---|---|---|

s1409    YOGA WORKS, INC.,
A CALIFORNIA C-CORP
2215 MAIN STREET
SANTA MONICA, CA  90405

Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

Date or dates debt was incurred

Last 4 digts of account number

Basis for the claim:    INTERCOMPANY RECEIVABLES
DEBT INCURRED: VARIOUS DATES

Is the claim subject to offset?
☑ No
☐ Yes

**YogaWorks, Inc., a Delaware C-Corporation**

Debtor Name

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

List in alphabetical order any others who must be notified for claims already listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 or Part 2 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|

**YogaWorks, Inc., a Delaware C-Corporation**

Debtor Name

Case Number (if known)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of Claim Amounts** |
|---|---|---|
| **5a. Total Claims from Part 1** | **5a.** | $0.00 |
| **5b. Total Claims from Part 2** | **5b.** + | $101,787.05 <br> **PLUS UNKNOWN** |
| **5c. Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | **5c.** | $101,787.05 <br> **PLUS UNKNOWN** |

**Fill in this information to identify the case:**

Debtor name    YogaWorks, Inc., a Delaware C-Corporation

United States Bankruptcy Court for the:                    District of    **Delaware**
                                                                          (State of)

Case Number (if known):    20-12599    Chapter    **11**

☐ Check if this is an amended filing

## Official Form 206G

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2. 1** | State what the contract or lease is for and the nature of the debtor's interest | **LEASE** **STUDIO LEASE IN PALO ALTO; EXPIRATION DATE: 1/31/2021.** | **440-444 KIPLING ALHOUSE DEATON JEFF DEATON ELIZABETH BROPHY KULEMIN TRUST BROPHY KULEMIN TRUST ONE, GERTRUDE HALEY TRUST 2600 EL CAMINO, SUITE 200 PALO ALTO, CA  94306** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2. 2** | State what the contract or lease is for and the nature of the debtor's interest | **CONTRACT** **D&O POLICY: EXPIRATION DATE: 1/1/2021;** | **ANV GLOBAL SERVICES 200 HUDSON STREET , SUITE 800 JERSITY CITY, NJ  07311** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **YogaWorks, Inc., a Delaware C-Corporation** | | |
| United States Bankruptcy Court for the: | | District of | **Delaware** |
| | | | (State of) |
| Case Number (if known): | **20-12599** | Chapter | **11** |

☐ Check if this is an amended filing

## Official Form 206H

## SCHEDULE H - CODEBTORS

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No   Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.1 | YOGA WORKS, INC., A CALIFORNIA C-CORP 2215 MAIN STREET SANTA MONICA, CA  90405 | SERENE INVESTMENT MANAGEMENT, LLC | ☑ D (s86) ☐ E/F ☐ G |

---

Fill in this information to identify the case and this filing:

Debtor Name    YogaWorks, Inc., a Delaware C-Corporation

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                              (State)
Case number (*If known*):    20-12599

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __11/ 12 / 2020__          ✗ _____
                  MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                          Brian Cooper
                                          Printed name

                                          Chief Executive Officer
                                          Position or relationship to debtor