**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re | ) | |
| | ) | Case No. 20-12599 (KBO) |
| | ) | |
| YOGAWORKS, INC., *et al.*, [1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **RE: D.I.___** |
| | ) | |

**ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) ESTABLISHING VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DEADLINES; (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON PLAN AND FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS; AND (E) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of the Movants for entry of an order (the "Disclosure Statement Approval Order"); (a) approving the Disclosure Statement; (b) establishing the voting record date, voting deadline, and other related deadlines; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan; (d) approving the manner and forms of notice and other related documents; and (e) granting other relief relating thereto as set forth therein, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

interest; and the Court having found that the Movants provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

## I.      Approval of the Disclosure Statement and Notice of Hearing

2.      The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims entitled to vote to accept or reject the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017.

3.      The Disclosure Statement Hearing Notice, attached to the Motion as **Exhibit A**, filed by the Movants and served upon parties in interest in these Chapter 11 cases on February 16, 2021, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Equity Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article XIII of the Plan

(including the third-party release set forth in Section 13.3 of the Plan), in satisfaction of the

requirements of Bankruptcy Rule 3016(c).

## II.    Approval of the Timeline for Soliciting Votes, Voting on the Plan, and for Filing Objections to the Plan

5.    The following dates are hereby established (subject to modification as needed) with

respect to the solicitation of votes to accept the Plan, voting on the Plan, objecting to the Plan, and

Confirmation:

a.    **Voting Record Date**: March 23, 2021 (or as soon as reasonably practicable thereafter) is the date as of which the Movants shall determine:  (i) which Holders of Claims are entitled to vote to accept or reject the Plan (*i.e.,* except as otherwise provided in the Solicitation and Voting Procedures, only Holders of Claims as of this date are entitled to vote to accept or reject the Plan) and (ii) whether Claims have been properly assigned or transferred pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

b.    **Solicitation Deadline**: The Movants shall distribute Solicitation Packages to Holders of Claims entitled to vote to accept or reject the Plan no later than March 26, 2021 (the "Solicitation Deadline");

c.    **Filing of the Plan Supplement**:  The Movants shall file the Plan Supplement with the Court no later than seven (7) calendar days before the Voting Deadline and serve a notice upon parties entitled to notice in these Chapter 11 cases which will: (i) inform parties that the Movants filed the Plan Supplement; (ii) list the information contained in the Plan Supplement; and (iii) explain how parties may obtain copies of the Plan Supplement before the Voting Deadline;

d.    **Voting Deadline**:  All Holders of Claims entitled to vote to accept or reject the Plan and who choose to vote to accept or reject the Plan must properly execute, complete, and deliver their respective Ballots such that they are **actually** **received** by the Debtors' Balloting Agent on or before **April 20, 2021 at 5:00 p.m., prevailing Eastern Time** (the "Voting Deadline");

e.    **Plan Objection Deadline**:  Objections, if any, to the Confirmation of the Plan must be filed with the Court and served upon the Objection Notice Parties (defined below) in accordance with the Solicitation and Voting Procedures set forth in the Motion such that they are **actually** **received** on or before **April 23 2021 at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline");

      f.      **Filing the Voting Report**:  The Voting Report must be filed with the Court no later than two business days prior to the Confirmation Hearing Date; and

      g.      **Confirmation Hearing Date**:  The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at [__:__]0 [__].m., prevailing Eastern Time, on [_____], 2021.

## III.    Approval of Solicitation Materials and Solicitation Packages

6.    In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Disclosure Statement Approval Order (once entered, excluding the exhibits thereto), the solicitation materials (each, a "Solicitation Package," and collectively, the "Solicitation Packages") to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote to accept or reject the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

      a.      the Class 1 Ballot, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference herein;[3]

      b.      the Class 2 Ballot, substantially in the form attached hereto as **Exhibit 2** and incorporated by reference herein;

      c.      the cover letter from the Creditors' Committee (the "Cover Letter") to Holders of Claims in the Voting Classes urging such parties to vote in favor of the Plan, substantially in the form attached hereto as **Exhibit 3** and incorporated by reference herein; and

      d.      the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4** and incorporated by reference herein.

7.    The Solicitation Packages provide Holders of Claims entitled to vote to accept or reject the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

---

[3]  The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same voting Class, receive no more than one Solicitation Package on account of such Claim and with respect to that Class.

8.     The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline subject to the terms of this Order. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IV.     Approval of the Solicitation and Voting Procedures

9.     The Movants are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures fully set forth herein, which are hereby approved in their entirety; *provided, however,* that the Movants are permitted to amend or supplement the Solicitation and Voting Procedures set forth in the Motion and this Order where, in the Movants' best judgment, doing so would better facilitate the solicitation process.

10.    Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors in any other context, the Movants propose that each holder of a claim within a class of claims entitled to vote to accept or reject the Plan be entitled to vote in an amount equal to:  (i) the liquidated, non-contingent, non-disputed amount of such claim as set forth in the Debtors' filed Schedules; or (ii) if a proof of claim has been timely filed in respect of such claim, the liquidated, non-contingent and undisputed amount set forth in such proof of claim.

11.    The foregoing procedure will be subject to the following clarifications and exceptions.

　　a.     If a claim is deemed allowed under the Plan, such claim shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

　　b.     If a claim is one for which a proof of claim (i) is wholly contingent, unliquidated, undetermined and/or disputed, (ii) is for unliquidated or contingent litigation claims, (iii) is filed for an unknown or undetermined amount, or (v) is subject to a pending request for estimation, such claim shall be temporarily allowed in the amount of $1.00 solely for purposes of voting on the Plan, and not for the purpose of the allowance of, or

distribution on account of, the claim, and without prejudice to the rights of the Debtors or the Creditor in any other context;

c.   If a claim is partially liquidated and partially unliquidated, such claim shall be allowed in the liquidated amount solely for purposes of voting on the Plan, and not for the purpose of the allowance of, or distribution on account of, the claim, and without prejudice to the rights of the Debtors in any other context;

d.   If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court solely for purposes of voting on the Plan, and not for the purpose of the allowance of, or distribution on account of, the claim, and without prejudice to the rights of the Debtors in any other context;

e.   Claims scheduled as contingent or unliquidated or disputed, or for $0.00, for which no proof of claim has been filed, are disallowed for voting purposes;

f.   Proofs of claim filed for $0.00 are not entitled to vote;

g.   If the Debtors have served an objection to a claim at least seventeen (17) days prior to the Voting Deadline, such claim shall be temporarily disallowed solely for purposes of voting on the Plan, and not for the purpose of the allowance of, or distribution on account of, the claim, and without prejudice to the rights of the Debtors in any other context, except to the extent and in the manner as may be set forth in such objection, and subject to the right of any creditor to file a Rule 3018(a) Motion (defined below) in accordance with this Order;

h.   To the extent an entity holds or has filed more than one claim in a particular class, such entity must vote all of its claims in the class either to accept or reject the Plan and may not split its vote;

i.   Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims; and

j.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

12.     Any creditor seeking to challenge the allowance of its claim for voting purposes in accordance with the procedures set forth in this Order shall serve upon the Movants and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the date that is at least ten (10) days prior to the Voting Deadline.

13.     The ballot of any creditor filing a Rule 3018(a) Motion shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing, which hearing may be held contemporaneously with the Confirmation Hearing.

14.     The Movants are authorized to use the following Voting and Tabulation Procedures:

    a.    <u>Votes Not Counted</u>:  The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

        i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

        ii.    any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

        iii.    any Ballot sent to the Movants, the Movants' agents/representatives (other than the Balloting Agent), or the Movants' financial or legal advisors;

        iv.    any Ballot transmitted to the Balloting Agent by facsimile, e-mail or other means not specifically approved herein;

        v.    any unsigned Ballot;

        vi.    any Ballot that does not contain an original signature; or

        vii.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

    b.    <u>Rejected Ballots</u>:  Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is timely

submitted on or prior to the Voting Deadline, the Movants shall be entitled to reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation; *furthermore*, the Movants reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Movants, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

c.      <u>Multiple Ballots</u>:  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last validly executed Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided, however* that in instances where ambiguity exists with respect to which Ballot was the last received, the Balloting Agent has the right to contact the respective Holder to determine such Holder's intent and calculate the vote according thereto.

d.      <u>No Vote-Splitting</u>:  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes. Accordingly, any Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a Holder has multiple Claims within the same Class, the Movants may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

e.      <u>Defective Ballots</u>:  The Movants, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however,* that:

i.      any such waivers shall be documented in the Voting Report;

ii.     neither the Movants, nor any other entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

iii.    unless waived by the Movants, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will <u>not</u> be counted.

f.      <u>Lack of Good Faith Designation</u>:  In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim.

15.     The Movants shall cause to be distributed Solicitation Packages to all Holders of Claims entitled to vote to accept or reject the Plan in accordance with the Motion in satisfaction of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

16.     The Movants are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Approval Order to Holders of Claims entitled to vote to accept or reject the Plan in electronic format.  The Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, will <u>only</u> be provided in paper.

17.     Any party who receives documents via electronic format, but who would prefer paper format, may contact the Balloting Agent and request paper copies of the corresponding materials previously received in electronic format, which will then be provided at the Debtors' expense.

18.     On or before the Solicitation Deadline, the Movants shall provide (a) complete Solicitation Packages (excluding the Ballots and the cover letter) to the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") and all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date and (b) the Confirmation Hearing Notice to all known Holders of Claims and Interests.

19.     The Movants are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote to accept or reject the Plan.  Instead, on or before the Solicitation Deadline, the Balloting Agent shall mail (first-class postage prepaid) parties who are not entitled to vote to accept or reject the Plan the following notice of non-voting status in lieu of Solicitation Packages, the form of each of which is hereby approved:

      a.     Holders of Interests in Class 3 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan, shall receive the notice

substantially in the form attached hereto as **Exhibit 5** and incorporated by reference herein; and

20.     The Movants are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during these Chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

21.     The Movants shall be excused from mailing Solicitation Packages to those entities to whom the Movants mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such entity provides the Movants, through the Balloting Agent, an accurate address not less than ten calendar days prior to the Solicitation Date.  If an Entity has changed its mailing address after the Petition Date, the burden is on such Entity, not the Movants, to advise the Debtors and the Balloting Agent of the new address.

22.     All votes to accept or reject the Plan must be <u>clearly</u> set forth on the appropriate Ballot, each of which must be properly executed, completed, and delivered in accordance with and pursuant to the Solicitation and Voting Procedures set forth in the Motion (the applicable provisions of which are also included in the instructions accompanying each Ballot) so that all Ballots are **actually  received** on or before the Voting Deadline by the Balloting Agent. Alternatively, Ballots may be submitted via an electronic Ballot through the Balloting Agent's online electronic Ballot submission portal at ballots.bmcgroup.com/yogaworks by no later than the Voting Deadline.  Any Ballots received <u>after</u> the Voting Deadline may be counted only in the sole and absolute discretion of the Movants.

23.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Approval Order.

Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such objecting party; (iv) state with particularity the basis and nature of any objection to confirmation of the Plan and, if practicable, provide a proposed modification or additional suggested language to amend the Plan in a manner that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received on or before **April 23, 2021 at 4:00 p.m., prevailing Eastern Time**, by the following parties (the "Objection Notice Parties"): (a) counsel to the Debtors, Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman, afriedman@shulmanbastian.com and mlowe@shulmanbastian.com and Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas Francella, tfrancella@cozen.com; (b) counsel to the Creditors' Committee, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David M. Posner, Esq. and Gianfranco Finizio, Esq., and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo, Esq. and Brya M. Keilson, Esq.; and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman; as well as any other party entitled to notice of such objection (the "Objection Notice Parties").

24.     Nothing in this Disclosure Statement Approval Order shall be construed as a waiver of the right of the Debtors, the Creditors' Committee, or other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

25.     All time periods set forth in this Disclosure Statement Approval Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     The Movants are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Approval Order in accordance with the Motion.

27.     The terms and conditions of this Disclosure Statement Approval Order shall be immediately effective and enforceable upon its entry.

**EXHIBIT 1**

**Class 1 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| YOGAWORKS, INC.., *et al*., [1] | ) | Case No. 20-12599 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 1 BALLOT FOR HOLDERS OF**
**GENERAL UNSECURED CLAIMS**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL**
**BALLOTS MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY</u>**
**<u>RECEIVED</u> BY THE BALLOTING AGENT BY 5:00 P.M., PREVAILING EASTERN TIME, ON**
**APRIL 20, 2021 (THE "<u>VOTING DEADLINE</u>")**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), together with the official committee of unsecured creditors (the "<u>Committee</u>," and together with the Debtors, the "<u>Movants</u>"), are soliciting votes with respect to the *Joint Chapter 11 Plan Of Liquidation Proposed By The Debtors And The Official Committee Of Unsecured Creditors* (as may be amended from time to time, the "<u>Plan</u>"), as set forth in the *Disclosure Statement to Joint Chapter 11 Plan Of Liquidation Proposed By The Debtors And The Official Committee Of Unsecured Creditors* (as may be amended from time to time, the "<u>Disclosure Statement</u>"). The United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2021 (the "<u>Disclosure Statement Approval Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a Holder of a General Unsecured Claim, as of the Voting Record Date.

Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Approval Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

need to obtain additional Solicitation Packages, you may (a) contact the Balloting Agent, BMC Group, LLC, by telephone at (888) 909-0100 or by e-mail at yw@bmcgroup.com; or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at www.bmcgoup.com/yogaworks.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Ballot. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Balloting Agent <u>immediately</u> at the telephone number or e-mail address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 1, General Unsecured Claim, under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

<u>Item 1</u>.    **Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for the Holder) of the General Unsecured Claim for Claimant in the name of _____[list name of Holder of General Unsecured Claim] and in the amount of $_____ [list amount of claim].

<u>Item 2</u>.    **Vote on Plan.**

The Holder of the General Unsecured Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| ☐     **ACCEPT** (vote FOR) the Plan | ☐     **REJECT** (vote AGAINST) the Plan |

<u>Item 3.</u>    **Opt in to Class 2 Convenience Class**

The Holder of the General Unsecured Claim against the Debtors elects to opt in to the Class 2 Convenience Class:

| |
|---|
| ☐     **Opt in to Class 2 Convenience Class** |

**Note that if you Opt in to Class 2 Convenience Class, your Allowed General Unsecured Claim will be reduced to no more than $26,000 if applicable.**

<u>Item 4</u>.    **Opt in to Third Party Releases.**

The Holder of the General Unsecured Claim against the Debtors opts in to the mutual Third Party Releases described below and in the Plan:

| |
|---|
| ☐     **Opt in to Third Party Releases** |

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:**

**Section 9.02 of the Plan contains the following provision:**

**Releases by Third Parties.  To the extent allowed by applicable law, on, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, and except as otherwise provided in this Plan or the Confirmation Order, each Releasing Party is deemed to have forever released, waived, and discharged each of the Debtors, Liquidating Debtors, and each other Released Party, from any and all claims, obligations, actions, suits, rights, debts, accounts, Causes of Action, Avoidance Actions, remedies, agreements, promises, damages, judgments, demands, defenses, and liabilities (other than their respective rights to enforce this Plan and the contracts, instruments, releases, indentures and other agreements or documents executed and/or delivered in connection therewith) arising from or relating to the Released Parties' interaction with, work for, service to, or association with the Debtors (whether prior to or after the Petition Date), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, provided, however, that the release provided in this Section shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or ultra vires acts under applicable law.  For the avoidance of doubt, notwithstanding anything to the contrary contained in this Article 9.02, no holder of a Claim, whether such claim is allowed either prior to or after the Effective Date, shall be deemed to release its rights under Article 5.06 of the Plan, including any rights to receive Plan Distributions, rights or other treatment on account of such Allowed Claim.  For avoidance of doubt, notwithstanding anything to the contrary contained in this Section 9.02, no holder of a Professional Compensation Claim, whether such claim is allowed either prior to or after the Effective Date of the Plan, shall be deemed to release its Professional Compensation Claim under this Section 9.02 of the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the third-party release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the third-party release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing the Plan; (4) good faith settlement and compromise of the claims released by the third-party release; (5) in the best interests of the Debtors and their respective Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim, obligations, rights, suits, damages, remedies, Cause of Action, or liabilities whatsoever released pursuant to the third-party release.**

<u>Item 4</u>.    **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Movants:

(a)    that either: (i) the undersigned is the Holder of the General Unsecured Claim being voted; or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the General Unsecured Claim being voted;

(b)    that the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that the undersigned is voting the entire General Unsecured Claim by this Ballot; and

(d)    that no other Ballots with respect to the amount of the General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Name of
Holder: _____
                        (Print or Type)

                                    _____

Signature: _____

Name of Signatory: _____
                        (If other than Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED OR YOU MAY RETURN YOU BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, FIRST CLASS MAIL, OR ONLINE TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**IF BY FIRST CLASS MAIL:**
BMC Group
Attn: YW Ballot Processing
PO Box 90100
Los Angeles, CA 90009

**IF BY OVERNIGHT MAIL OR HAND DELIVERY:**
BMC Group
Attn: YW Ballot Processing
3732 West 120th Street
Hawthorne, CA 90250

**OR ONLINE:**
ballots.bmcgroup.com/yogaworks

BALLOTS RETURNED BY FACSIMILE OR E-MAIL WILL NOT BE COUNTED.

IF THE VOTING AGENT DOES NOT **ACTUALLY** **RECEIVE** THIS BALLOT
**ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON APRIL 20, 2021**
(AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY
IN THE SOLE AND ABSOLUTE DISCRETION OF THE MOVANTS.

| Class 1 —  General Unsecured Claim |
| :---: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Movants are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.      **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed.  Please review the Disclosure Statement for more information.**

3.      To ensure that your vote is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot ; and (c) clearly sign and return your Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph (4) directly below.

4.      **Return of Ballots:**  Your Ballot MUST be returned to the Balloting Agent so as to be **actually received** by the Balloting Agent on or before the Voting Deadline, which is 5:00 p.m., prevailing Eastern Time, on April 20, 2021.

5.      If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Movants.  Additionally, **the following Ballots will NOT be counted:**

> ➢      any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

> ➢      any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

> ➢      any Ballot sent to the Movants, the Movants' agents/representatives (other than the Balloting Agent), or the Movants' financial or legal advisors;

> ➢      any Ballot transmitted to the Balloting Agent by facsimile, e-mail or other means not specifically approved herein;

> ➢      any unsigned Ballot;

> ➢      any Ballot that does not contain an original signature; or

> ➢      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

6.      The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a General Unsecured Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the original Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a General Unsecured Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballot. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Movants nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10.     <u>Please be sure to sign and date your Ballot</u>. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Movants, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.     If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes <u>only</u> your Claims indicated on that Ballot, so please complete and return each Ballot and/or Ballot that you received.

### PLEASE MAIL YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THE COMPLETION OF THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE BALLOTING AGENT AT (888) 909.0100 OR E-MAIL THE VOTING AGENT AT YW@BMCGROUP.COM**

---

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON APRIL 20, 2021 (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE MOVANTS.**

---

LEGAL\50997829\1

## **EXHIBIT 2**

**Class 2 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| YOGAWORKS, INC., *et al.*, [1] | ) ) ) | Case No. 20-12599 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 2 BALLOT FOR HOLDERS OF**
**GENERAL UNSECURED CLAIMS (CONVENIENCE CLASS)**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL**
**BALLOTS MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY</u>**
**<u>RECEIVED</u> BY THE BALLOTING AGENT BY 5:00 P.M., PREVAILING EASTERN TIME, ON**
**APRIL 20, 2021 (THE "<u>VOTING DEADLINE</u>")**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), together with the official committee of unsecured creditors (the "<u>Committee</u>," and together with the Debtors, the "<u>Movants</u>"), are soliciting votes with respect to the *Joint Chapter 11 Plan Of Liquidation Proposed By The Debtors And The Official Committee Of Unsecured Creditors* (as may be amended from time to time, the "<u>Plan</u>"), as set forth in the *Disclosure Statement to Joint Chapter 11 Plan Of Liquidation Proposed By The Debtors And The Official Committee Of Unsecured Creditors* (as may be amended from time to time, the "<u>Disclosure Statement</u>").  The United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2021 (the "<u>Disclosure Statement Approval Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a Holder of a General Unsecured Claim, as of the Voting Record Date.

Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Approval Order, and certain other

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may (a) contact the Balloting Agent, BMC Group, LLC, by telephone at (888) 909-0100 or by e-mail at yw@bmcgroup.com; or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at www.bmcgoup.com/yogaworks.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Ballot. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Balloting Agent immediately at the telephone number or e-mail address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 1, General Unsecured Claim, under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**Item 1.**      **Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for the Holder) of the General Unsecured Claim of _____ [list name of creditor] in the amount of $_____ [list claim amount].

**Item 2.**      **Vote on Plan.**

The Holder of the General Unsecured Claim against the Debtors set forth in Item 1 votes to (please check one):

| ☐      **ACCEPT** (vote FOR) the Plan | ☐      **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.**      **Opt in to Third Party Releases.**

The Holder of the General Unsecured Claim against the Debtors opts in to the mutual Third Party Releases described below and in the Plan:

| ☐      **Opt in to Third Party Releases** |
|---|

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:**

**Section 9.02 of the Plan contains the following provision:**

**Releases by Third Parties.** **To the extent allowed by applicable law, on, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, and except as otherwise provided in this Plan or the Confirmation Order, each Releasing Party is deemed to have forever released, waived, and discharged each of the Debtors, Liquidating Debtors, and each other Released Party, from any and all claims, obligations, actions, suits, rights, debts, accounts, Causes of Action, Avoidance Actions, remedies, agreements, promises, damages, judgments, demands, defenses, and liabilities (other than their respective rights to enforce this Plan and the contracts, instruments, releases, indentures and other agreements or documents executed and/or delivered in connection therewith) arising from or relating to the Released Parties' interaction with, work for, service to, or association with the Debtors (whether prior to or after the Petition Date), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, provided, however, that the release provided in this Section shall not extend to**

2

any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or ultra vires acts under applicable law.  For the avoidance of doubt, notwithstanding anything to the contrary contained in this Article 9.02, no holder of a Claim, whether such claim is allowed either prior to or after the Effective Date, shall be deemed to release its rights under Article 5.06 of the Plan, including any rights to receive Plan Distributions, rights or other treatment on account of such Allowed Claim.  For avoidance of doubt, notwithstanding anything to the contrary contained in this Section 9.02, no holder of a Professional Compensation Claim, whether such claim is allowed either prior to or after the Effective Date of the Plan, shall be deemed to release its Professional Compensation Claim under this Section 9.02 of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the third-party release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the third-party release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing the Plan; (4) good faith settlement and compromise of the claims released by the third-party release; (5) in the best interests of the Debtors and their respective Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim, obligations, rights, suits, damages, remedies, Cause of Action, or liabilities whatsoever released pursuant to the third-party release.

<u>Item 3</u>.    **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Movants:

(a)    that either: (i) the undersigned is the Holder of a General Unsecured Claim being voted; or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the General Unsecured Claim being voted;

(b)    that the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that the undersigned is voting its entire General Unsecured Claim by this Ballot; and

(d)    that no other Ballots with respect to the amount of the General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

LEGAL\50997829\1

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED OR YOU MAY RETURN YOU BALLOT BY PERSONAL DELIVERY, OVERNIGHT CORRIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**IF BY FIRST CLASS MAIL:**
BMC Group
Attn: YW Ballot Processing
PO Box 90100
Los Angeles, CA 90009

**IF BY OVERNIGHT MAIL OR HAND DELIVERY:**
BMC Group
Attn: YW Ballot Processing
3732 West 120th Street
Hawthorne, CA 90250

**OR ONLINE:**
ballots.bmcgroup.com/yogaworks

BALLOTS RETURNED BY FACSIMILE OR E-MAIL WILL NOT BE COUNTED.

4

IF THE VOTING AGENT DOES NOT **ACTUALLY** **RECEIVE** THIS BALLOT
**ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON APRIL 20, 2021**
(AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY
IN THE SOLE AND ABSOLUTE DISCRETION OF THE MOVANTS.

LEGAL\50997829\1

| Class 2 – General Unsecured Claims (Convenience Class) |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Movants are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed.  Please review the Disclosure Statement for more information.**

3.  To ensure that your vote is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph (4) directly below.

4.  **Return of Ballots:**  Your Ballot MUST be returned to the Balloting Agent so as to be **actually received** by the Balloting Agent on or before the Voting Deadline, which is 5:00 p.m., prevailing Eastern Time, on April 20, 2021.

5.  If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Movants.  Additionally, **the following Ballots will NOT be counted:**

    ➢  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    ➢  any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

    ➢  any Ballot sent to the Movants, the Movants' agents/representatives (other than the Balloting Agent), or the Movants' financial or legal advisors;

    ➢  any Ballot transmitted to the Balloting Agent by facsimile, e-mail or other means not specifically approved herein;

    ➢  any unsigned Ballot;

    ➢  any Ballot that does not contain an original signature; or

    ➢  any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

6.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a General Unsecured Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the original Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.  If multiple Ballots are received from the same Holder of a General Unsecured Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballot.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Movants nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Movants, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.     If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes <u>only</u> your Claims indicated on that Ballot, so please complete and return each Ballot and/or Ballot that you received.

**<u>PLEASE MAIL YOUR  BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THE COMPLETION OF THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE BALLOTING AGENT AT (888) 909.0100 OR E-MAIL THE VOTING AGENT AT YW@BMCGROUP.COM**

---

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON APRIL 20, 2021 (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE MOVANTS**

---

LEGAL\50997829\1

## **EXHIBIT 3**

**Cover Letter to Holders of Claims**

The Official Committee of Unsecured
Creditors of YogaWorks, Inc., *et al*.

March [_], 2021

**To All Unsecured Creditors of YogaWorks, Inc.,** *et al.*:[1]

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of YogaWorks, Inc., *et al.* (the "<u>Debtors</u>") submits this letter to all unsecured creditors concerning their consideration of whether to vote in favor of the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "<u>Plan</u>").[2]

**FOR THE REASONS SET FORTH HEREIN, THE COMMITTEE RECOMMENDS YOU VOTE TO <u>ACCEPT</u> THE PLAN.  THE VOTING DEADLINE IS APRIL [_], 2021 AT 5:00 P.M., PREVAILING EASTERN TIME.**

The Plan implements a highly negotiated settlement (the "<u>Settlement</u>") between the Committee, the Debtors, Great Hill Equity Partners ("<u>GHP</u>"), and Serene Investment Management, LLC ("<u>Serene</u>" and collectively with the Committee, the Debtors, and GHP, the "<u>Settling Parties</u>") that, among other things, compromises and settles anticipated litigation and numerous other issues and disputes.  **The Committee supports the Plan and believes that it represents the best alternative, and will provide the highest possible recovery, for unsecured creditors in these chapter 11 cases.**  The brief summary that follows is designed to highlight certain Plan provisions and is qualified in its entirety by the Plan.

On October 14, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>").

On October 27, 2020, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

On December 7, 2020, the Debtors completed an auction for the sale (the "<u>Sale</u>") of substantially all of their assets and determined that the highest and best value for the Debtors' estates was offered by funds managed by MEP Capital Management, LLC and affiliates of GoDigital Media Group, LLC (collectively, the "<u>Successful Bidder</u>").  The Successful Bidder's winning bid resulted in total consideration of $9,600,000, consisting of $7,300,000 in cash and an additional $2,300,000 in non-cash consideration.

On December 23, 2020, the Bankruptcy Court entered an order approving the Sale. The Sale officially closed on December 30, 2020.  As part of the Sale, the Debtors' pre-petition secured debt owed to Serene (approximately $10 million) was satisfied in full and otherwise forever waived and relinquished upon the closing of the Sale.  As pre-petition secured debt is required to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

be paid in full prior to pre-petition unsecured debt being paid anything, the successful result generated by the Sale has allowed for a previously unexpected distribution to general unsecured creditors.

On February 16, 2021, the Debtors filed the Plan and accompanying Disclosure Statement. The Plan provides for the proceeds from the Debtors' assets already liquidated or to be liquidated over time to be distributed to holders of Allowed Claims in accordance with the terms of the Plan and the priority of claims provisions in the Bankruptcy Code.

As set forth in greater detail in the Plan, the Settlement embodied in the Plan provides that, among other things, cash in the amount of $340,000 will be made available, subject to the terms of the Plan, to pay the claims of Allowed General Unsecured Claims in the manner provided under the Plan and summarized below:

- **General Unsecured Claims Treatment**. There are two classes of General Unsecured Claims provided for under the Plan: (1) Class 1: General Unsecured Claims and (2) Class 2: Convenience Class Claims.  A Convenience Class Claim is a General Unsecured Claim that is (a) in an amount equal to or less than $26,000 or (b) in an amount that has been reduced to $26,000 pursuant to a Convenience Class Election made by the Holder of such Claim.

  - Each Holder of a Claim in Class 1, in full and final satisfaction, settlement, discharge and release of, and in exchange for, its Claims shall receive its Pro Rata share of the GUC Cash and any proceeds or property derived from certain Retained Assets.  The Debtors estimate that Holders of Class 1 Claims shall receive approximately 2% of its Allowed General Unsecured Claim.

  - Each Holder of a Claim in Class 2, in full and final satisfaction, settlement, discharge and release of, and in exchange for, its Claims shall receive 3% of its Allowed General Unsecured Claim no later than forty-five (45) days after the Effective Date.

**IF APPROVED, THE PLAN GRANTS RELEASES OF CLAIMS THAT THE DEBTORS MAY HAVE AGAINST CERTAIN THIRD-PARTIES.  THE PLAN MAY ALSO GRANT RELEASES OF CLAIMS YOU MAY HAVE AGAINST THIRD-PARTIES IF YOU AFFIRMATIVELY OPT-IN TO SUCH RELEASES.**  All claims and causes of action held by the Debtors and their estates against the Released Parties, including, without limitation, the Debtors, the Committee, GHP, Serene, and any Holders of Claims that vote to accept the Plan will be released under the Plan.

In summary, the Plan effectuates the liquidation of the Debtors' remaining assets on a consensual basis, and on terms that, based upon the information provided to the Committee, the Committee believes are the most favorable to unsecured creditors and represent the best achievable outcome for unsecured creditors under the present circumstances.

LEGAL\50997727\1

For purposes of voting on the Plan, the enclosed ballot should be completed by you for either accepting or rejecting the Plan.  The ballot should be mailed in or submitted electronically in accordance with the procedures set forth on the ballot.

This letter provides only a brief description of the provisions of the Plan that impact unsecured creditors.  As such, all unsecured creditors are urged to carefully review the Plan and consult with their legal and financial advisors accordingly.  This communication does not constitute, and shall not be construed as, a recommendation or solicitation by any individual member of the Committee.

If you have any questions regarding voting procedures or otherwise, please  contact counsel to the Committee, Gianfranco Finizio at (212) 775-8840 or David M. Posner at (212) 775-8764.

> Very truly yours,
>
> The Official Committee of Unsecured
> Creditors of YogaWorks, Inc., *et al.*

**YOU ARE URGED TO CAREFULLY READ THE DISCLOSURE STATEMENT AND PLAN.  THE DESCRIPTION OF THE PLAN IN THIS LETTER IS INTENDED TO BE ONLY A SUMMARY AND IS QUALIFIED IN ITS ENTIRETY BY THE PLAN AND THE DISCLOSURE STATEMENT.**

**NOTWITHSTANDING THE RECOMMENDATION SET FORTH HEREIN, EACH CREDITOR MUST MAKE ITS OWN INDEPENDENT DETERMINATION AS TO WHETHER THE PLAN IS ACCEPTABLE TO THAT CREDITOR AND SHOULD CONSULT ITS OWN LEGAL AND/OR FINANCIAL ADVISOR(S).**

**THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY ANY INDIVIDUAL MEMBER OF THE COMMITTEE.**

LEGAL\50997727\1

## **EXHIBIT 4**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                                        |     |                             |
|----------------------------------------|-----|-----------------------------|
| In re                                  | )   |                             |
|                                        | )   | Chapter 11                  |
|                                        | )   |                             |
| YOGAWORKS, INC.., *et al.*, [1]        | )   | Case No. 20-12599 (KBO)     |
|                                        | )   |                             |
|                                        | )   | (Jointly Administered)      |
| Debtors.                               | )   |                             |
|                                        | )   |                             |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION**
**OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE**
**DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND RELATED VOTING AND OBJECTION DEADLINES**

**TO:    ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES**
**IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    **Approval of the Disclosure Statement and Solicitation and Voting Procedures**. On [_____], 2021, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Disclosure Statement Approval Order") pursuant to which the Bankruptcy Court: (a) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors"), together with the official committee of unsecured creditors (the "Creditors' Committee," and together with the Debtors, the "Movants"), to solicit acceptances for the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as may be amended from time to time, the "Plan"); (b) approved procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan (the "Solicitation and Voting Procedures"); and (c) approved the *Disclosure Statement to Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as may be amended from time to time, the "Disclosure Statement").  Please note that capitalized terms used but not otherwise defined in this notice have the meanings set forth in the Plan and Disclosure Statement.

2.    **The Confirmation Hearing Date.**  The hearing at which the Bankruptcy Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence at **[  :  ]0 [  ].m., prevailing Eastern Time, on [        ], 2021** before the Honorable Karen B. Owens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Wilmington, Delaware 19801.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE MOVANTS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCING SUCH ADJOURNMENT IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED BY THE MOVANTS AND POSTED ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTP:// BMCGROUP.COM/YOGAWORKS

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

3.      **Voting Record Date.**  The voting record date is **March 23, 2021** (the "Voting Record Date"), which is the date for determining which Holders of Claims in Classes 1 and 2 of the Plan are entitled to vote on the Plan.

4.      **Voting Deadline.**  The deadline for voting on the Plan is **5:00 p.m., prevailing Eastern Time, on April 20, 2021** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, in order for your vote to be counted you must: (a) follow the instructions carefully, (b) complete all the required information on the Ballot, and (c) execute and return your completed Ballot so that it is **actually received** by the Balloting Agent, BMC Group, LLC, according to and as set forth in detail in the voting instructions on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote.*

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **SECTION 9.02 CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

5.      **Plan Objection Deadline.**  The deadline for filing objections to the Plan is **April 23, 2021 at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").

6.      **Objections to the Plan.**  All objections, if any, to the Plan must:  (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Bankruptcy Court; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such objecting party; (iv) state with particularity the basis and nature of any objection to confirmation of the Plan and, if practicable, provide a proposed modification or additional suggested language to amend the Plan in a manner that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** on or before **April 23, 2021 at 4:00 p.m., prevailing Eastern Time**, by the following parties (the "Objection Notice Parties"): (a) counsel to the Debtors, Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman, afriedman@shulmanbastian.com and mlowe@shulmanbastian.com and Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas Francella, tfrancella@cozen.com; (b) counsel to the Creditors' Committee, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David M. Posner, Esq. and Gianfranco Finizio, Esq., and Morris James LLP, 500 Delaware Avenue, Suite 1500,

Wilmington, DE 19801, Attn: Eric J. Monzo, Esq. and Brya M. Keilson, Esq.; and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman; as well as any other party entitled to notice of such objection.

## ADDITIONAL INFORMATION

7.      **Obtaining Solicitation Materials.**  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may (a) contact the Balloting Agent by telephone at (888) 909-0100 or by e-mail at yw@bmcgroup.com; or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at http://bmcgroup.com/yogaworks or by visiting the Bankruptcy Court's website at http://www.deb.uscourts.gov.

8.      **Filing the Plan Supplement.**  The Movants will file the Plan Supplement, if any, at least seven (7) days before the Voting Deadline, and will serve notice on the parties entitled to notice that will:  (i) inform parties that the Movants filed the Plan Supplement; (ii) list the information contained in the Plan Supplement; and (iii) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN:

THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE DEBTORS' CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN

---

## **EXHIBIT 5**

**Notice of Non-Voting Status (Impaired)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| YOGAWORKS, INC.., *et al.*, [1] | ) | Case No. 20-12599 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED INTERESTS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2021, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Disclosure Statement Approval Order"):  (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), together with the official committee of unsecured creditors (the "Creditors' Committee," and together with the Debtors, the "Movants"), to solicit acceptances for the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as may be amended from time to time, the "Plan"); (ii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "Solicitation and Voting Procedures"); and (iii) approving the *Disclosure Statement to Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as may be amended from time to time, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Interest under the Plan, you are not entitled to vote on the Plan.  Specifically, under the terms of the Plan, as a Holder of an Interest that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **April 16, 2021 at 5:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Bankruptcy Court; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such objecting party; (iv) state with particularity the basis and nature of any objection to confirmation of the Plan and,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are (1) YogaWorks, Inc., a Delaware corporation (9105); and (2) Yoga Works, Inc., a California corporation (0457).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan and Disclosure Statement.

if practicable, provide a proposed modification or additional suggested language to amend the Plan in a manner that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** on or before the plan Objection Deadline by the following parties (the "Objection Notice Parties"): (a) counsel to the Debtors, Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman, afriedman@shulmanbastian.com and mlowe@shulmanbastian.com and Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas Francella, tfrancella@cozen.com; (b) counsel to the Creditors' Committee, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David M. Posner, Esq. and Gianfranco Finizio, Esq., and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo, Esq. and Brya M. Keilson, Esq.; and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman; as well as any other party entitled to notice of such objection.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan will commence at **[__:__]0 [__].m., prevailing Eastern Time, on [_____], 2021**, before the Honorable Karen B. Owens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** if you desire to receive the Solicitation Packages (excluding the Ballots), you may (a) contact the Balloting Agent, BMC Group, LLC, by telephone at (888) 909-0100 or by e-mail at yw@bmcgroup.com; or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at www.bmcgroup.com/yogaworks or by visiting the Bankruptcy Court's website at http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan also contains the following provisions:

**Injunction**.

(a)      FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

(b)      FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLES 9.02 THROUGH 9.04 (INCLUSIVE), THE APPLICABLE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED UNDER THIS PLAN.

LEGAL\50997765\1

(c)    EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR EQUITY INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO THE PLAN OR THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF ARTICLE 9.04, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR EQUITY INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR EQUITY INTERESTS; (III) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR EQUITY INTERESTS RELEASED, OR SETTLED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.

(d)    THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND EQUITY INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND EQUITY INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND ALL SUCH CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED SURRENDERED AND EXTINGUISHED.

(e)    EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR HEREIN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND ALL EQUITY INTERESTS SHALL BE DEEMED SURRENDERED OR EXTINGUISHED, AS THE CASE MAY BE, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL  BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE.

(f)    ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR EQUITY INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

LEGAL\50997765\1

**Releases by Debtors**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, and except as otherwise provided in this Plan or the Confirmation Order, the Released Parties are deemed forever released and discharged by the Debtors and Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, Avoidance Actions, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest or other entity, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, the Plan, the Disclosure Statement, or related agreements, instruments or other documents, including any rights or remedies under section 506 of the Bankruptcy Code, other than Claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, actual fraud or willful misconduct, as determined by a Final Order.

**Releases by Third Parties**

To the extent allowed by applicable law, on, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, and except as otherwise provided in this Plan or the Confirmation Order, each Releasing Party is deemed to have forever released, waived, and discharged each of the Debtors, Liquidating Debtors, and each other Released Party, from any and all claims, obligations, actions, suits, rights, debts, accounts, Causes of Action, Avoidance Actions, remedies, agreements, promises, damages, judgments, demands, defenses, and liabilities (other than their respective rights to enforce this Plan and the contracts, instruments, releases, indentures and other agreements or documents executed and/or delivered in connection therewith) arising from or relating to the Released Parties' interaction with, work for, service to, or association with the Debtors (whether prior to or after the Petition Date), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, provided, however, that the release provided in this Section shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or ultra vires acts under applicable law.  For the avoidance of doubt, notwithstanding anything to the contrary contained in this Article 9.02, no holder of a Claim, whether such claim is allowed either prior to or after the Effective Date, shall be deemed to release its rights under Article 5.06 of the Plan, including any rights to receive Plan Distributions, rights or other treatment on account of such Allowed Claim.  For avoidance of doubt, notwithstanding anything to the contrary contained in this Section 9.02, no holder of a Professional Compensation Claim, whether such claim is allowed either prior to or after the Effective Date of the Plan, shall be deemed to release its Professional Compensation Claim under this Section 9.02 of the Plan.

4

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the third-party release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the third-party release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing the Plan; (4) good faith settlement and compromise of the claims released by the third-party release; (5) in the best interests of the Debtors and their respective Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim, obligations, rights, suits, damages, remedies, Cause of Action, or liabilities whatsoever released pursuant to the third-party release

### Exculpation and Limitation of Liability

(a)    The Exculpated Parties will neither have nor incur any liability to any entity for any claims or causes of action arising immediately prior to, on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to (i) preparation for the filing of the Chapter 11 Cases; (ii) the Chapter 11 Cases or in connection with the administration of the Chapter 11 Cases, (iii) the negotiation or approval of any agreements or pleadings that were either filed with the Bankruptcy Court or incident to the Chapter 11 Cases (including but not limited to approval of the Sale and/or the DIP Credit Agreement), (iv) formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the consummation of the Plan, the Disclosure Statement, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan, (v) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, or (vi) the approval of the Disclosure Statement or confirmation or consummation of the Plan; provided, however, that the foregoing provisions will have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct; provided, further, that the Exculpated Parties will each be entitled to rely upon the advice of counsel concerning their duties pursuant to, or in connection with, the above referenced documents, actions or inactions.

(b)    The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

---

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO THE VOTING PROCESS OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE BALLOTING AGENT.**

---